ARMOUR GRAIN COMPANY, APPELLANT, v. HASSELHUHN
WILLIAMS COMPANY, APPELLEE.

Submitted December 21, 1922—Decided February 20; 1923.

On appeal from the District Court.

Before Justices PARKER, BERGEN and MINTURN.

For the appellant, *Ranzenhofer & Ranzenhofer.*

For the appellee, *Stanton T. Lawrence.*

PER CURIAM.

Appellant sued for damages for the failure of defendant
below to accept and pay for certain sacks of "scratching
grains" which appellant claimed defendant had obligated
itself to purchase. The trial judge, sitting without jury, gave
judgment for defendant, stating his reasons, which were
stenographically reported and are before us.

The memorandum sued on was made out by plaintiff's
salesman, and though not signed by defendants, was after-
wards unequivocally ratified by them, so that there is no
difficulty on this score. It calls for six hundred sacks Iroquois
scratch grains, $76.60 net, F. O. B. "Date to be shipped:
in 60 days." The date of this paper is August 16th. On
September 7th the defendant wrote, ordering a miscellaneous
assortment of specified grain products, including an item of
three hundred twenty-five sacks scratching grains, and adding,
"Please take the scratching grains out of the order for one
carload you have booked for us." This order was delivered,
and no more scratching grains were ordered. In the follow-
ing April, the price having gone down, plaintiff wrote, ask-
ing for shipping directions on the other two hundred seventy-
five sacks, or an adjustment of the difference in price if the
defendant did not wish them, and defendant answered that it

regarded the order as having expired by its own limitation. There was some testimony of a conversation about the undelivered sacks in October, but the judge said he was unable to say which side preponderated on this point, and made no finding thereon. He held that, viewing the memorandum as the contract, plaintiff could not recover unless within the sixty days it made a tender of delivery and that this had not been proved. So he entered judgment for defendant.

For appellant it is argued that the time of shipment could be extended by parol; which is quite true, but as the judge found no such extension had been proved, we are concluded by his finding.

Next, that the court erred in finding that plaintiff had not shown an additional agreement by preponderance of evidence. But as the evidence was contradictory, we cannot say legal error was committed in a finding on the facts.

Thirdly, that the court improperly excluded evidence to show custom and dealings between plaintiff and defendant. The question excluded called for the plaintiff's "custom of receiving orders" from the defendant. This pointed to nothing different from such an order as the original one, which was before the witness at this juncture, and was undisputed, so that parol testimony of a custom in that regard was superfluous. Moreover, the specification of error is too broad as calling for the "custom and dealing" at large between the parties.

Finally, that the view expressed by the court on the question of damages was erroneous. Inasmuch as plaintiff's right to a recovery was denied by the court, any question of damages was beside the mark, and the observations of the court thereon were legally harmless.

No error being made to appear, the judgment will be affirmed.